IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRICE HILL, | ) | CASE NO. 4:20CV997 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN MICHAEL PHILLIPS, | ) | |
| | ) | **REPORT AND RECOMMEN-** |
| Respondent. | ) | **DATION RE RESPONDENT'S** |
| | ) | **MOTION TO DISMISS HABEAS** |
| | ) | **CORPUS PETITION** |

**I.**

This habeas corpus case illustrates why statutes of limitations are important to protect the finality of judgments. This report and recommendation explains why that law requires the dismissal of the petition.

On May 7, 2020, Tyrice Hill filed a habeas corpus petition under 18 U.S.C. § 2254.[1] He challenges the sentence he received in February 2005 after having pled guilty to three of six counts of aggravated robbery with a firearm specification.[2] The robberies took place in Lucas County in June and August 2004.[3]

---

[1] ECF #1.
[2] ECF #13-1, at 13.
[3] *Id.* at 6-11.

The trial judge sentenced Hill to 28 years of imprisonment plus 874 days to be served consecutively for having violated post-release control in an earlier case.[4] The following year, the Supreme Court of Ohio ordered that Hill be resentenced due to a change in Ohio sentencing law.[5] Hill received the same sentence on remand.[6] Almost eleven years later on October 13, 2017, the trial judge issued a nunc pro tunc judgment entry that vacated the post-release control sanction of 874 additional days of imprisonment because another state judge had found Hill's post-release control notification in the earlier case to be void.[7] In other words, Hill ended up with a more lenient sentence.

Hill has duly earned the title of vexatious litigator that both respondent Warden Michael Phillips[8] and the state court of appeals[9] give him. Over the decade-and-a-half history of his criminal case, Hill has gone up and down the state court ladder many times. When it counted most, however, he missed critical deadlines for appealing his state sentence and for filing his federal habeas petition.

Hill now tries to resurrect an opportunity to receive sentencing relief under federal law. But that law is crystal clear on the point that matters most here: a limited resentencing that benefits the prisoner like Hill's in 2017 does not disturb the underlying initial judgment. That judgment remains the final judgment. Because Hill failed to timely appeal

---

[4] *Id.* at 15-16.
[5] *Id.* at 50. See *State v. Foster*, 2006-Ohio-856, 109 Ohio St. 3d 1, 845 N.E.2d 470, 470 (2006).
[6] *Id.* at 55–56.
[7] *Id.* at 58–59.
[8] ECF #13, at 11, 18, 19, 23.
[9] ECF #13-1, at 103.

that final judgment and because he fails to show why the federal statute of limitations should be statutorily or equitably tolled, the law requires me to recommend that Phillips's motion to dismiss Hill's petition be granted.

## II.

*Hill's Petition and Phillips's Motion to Dismiss*

To challenge his 28-year sentence, Hill asserts two grounds for habeas relief:

> GROUND ONE: The Petitioner has been denied rights protected under the Due Process Clause & Equal Protection Clause of the 14th and 6th Amendment [sic] where he was denied the right to appeal from his conviction and sentence, right to counsel on appeal, causing his plea of guilty to be unknowingly unintelligently and involuntarily made, contrary to Article 14 section 5 of the international Covenant on Civil and Political rights.[10]

> GROUND TWO: Trial Court counsel provided ineffective assistance by failure to obtain or review the original copy of the August 19, 2004 Complaint, and litigate d [sic] 4th Amendment claim before Petitioner plead guilty, violating Petitioner's 4th, 6th, & 14th Amendment rights to the United States Constitution causing his plea of guilty to be unknowingly unintelligently and involuntarily made, contrary to Article 14 section 5 of the international Covenant on Civil and Political rights.[11]

Phillips responds by arguing that Hill failed to meet the statute of limitations for his petition. That statute is 28 U.S.C. § 2244(d)(1), which provides four triggers to start the one-year limitations period for petitions like Hill's:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[10] ECF #1, at 7.
[11] *Id.* at 13.

3

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[12]

In Phillips's view, only § 2244(d)(1)(A) matters here—the statute of limitations he argues Hill missed.[13] Phillips makes the following calculation. The final state judgment entry in Hill's criminal case was entered onto the docket on November 15, 2006.[14] Hill admits he never appealed that order.[15] Adding the 30-day appeal window[16] to the one-year statute of limitations as § 2244(d)(1)(A) requires means the judgment entry became final and the limitations period began on December 16, 2006. From that date forward for one year, Hill did not file for federal habeas relief.[17]

Hill responds by pointing to that same statute but in a different way.[18] He opposes Phillips's motion by arguing that the nunc pro tunc judgment entry of October 13, 2017

---

[12] 28 U.S.C. § 2244(d)(1).
[13] ECF #13, at 13.
[14] ECF #13-1, at 55.
[15] ECF #1, at 2.
[16] Ohio App. R. 4(A)(1).
[17] ECF #13, at 15-16,
[18] ECF #22-1, at 4.

made Hill's sentence worse, thereby giving him a new one-year limitations period.[19] Although he did not directly appeal this judgment, he sought to have it vacated and then challenged that denial in the state court of appeals, which also denied him relief.[20] Among a variety of other steps he took in state courts, Hill sought in these most recent efforts to withdraw his guilty pleas, to be resentenced, and to seek a writ of mandamus from the Supreme Court of Ohio going back to alleged prejudice of the trial court during the November 9, 2006 resentencing hearing.[21] Although he does not directly argue equitable tolling, Hill seems to suggest as much by pointing out that he received a copy of the transcript from that resentencing hearing in "late June early July of 2019."[22] Phillips interprets this point as an alternative but still failed basis for statutory tolling under 28 U.S.C. § 2244(d)(1)(D).[23]

Upon consideration of these arguments and the parties' submissions, I recommend that Hill's petition be dismissed. I further recommend that, in light of this conclusion, all but one of the pending motions by Hill be denied as moot. Both federal statutes and case law from our circuit require this outcome.

### III.

*Litigation History in Summary*

---

[19] *Id.*
[20] *Id.*
[21] *Id.* at 5–7.
[22] *Id.* at 5.
[23] ECF #13, at 17.

For the past decade and a half, Hill has been litigating post-conviction issues in state trial and appellate courts with the most recent ruling coming from the Supreme Court of Ohio just this past May.[24]  Phillips has described Hill's litigation efforts as "voluminous," involving a "copious amount of frivolous litigation,"[25] and "vexatious."[26]  In denying Hill's petition for a writ of mandamus against the state trial judge for refusing to conduct a new sentencing hearing, the state court of appeals expressed its frustration two years ago with the following words:

> Here, since his convictions in 2005, relator has filed more motions than this court cares to count, at least eight separate appeals, and five prior civil actions all related to this matter.  The record reflects that the legal issues in this case have been resolved long ago.  Thus, we find that relator's systematic filing of substantively redundant motions and related original actions constitutes an abuse of the system.
>
> Accordingly, relator's petition for a writ of mandamus is hereby dismissed at relator's costs.  We further order that the clerk shall not file any future original actions or appeals from relator without the security deposition required in 6th Dist.Loc.App.R. 7.[27]

Federal courts have no more appetite for vexatious litigation than do state courts.[28]  And no doubt about it, the state court litigation history in this case is extremely

---

[24] ECF #13-1, at 319.
[25] ECF #20, at 5.
[26] ECF #13, at 11, 18, 19, 23.
[27] ECF #13-1, at 103.
[28] *See, e.g.*, *Hall v. Callahan*, 727 F.3d 450, 456 (6th Cir. 2013) ("vexatious conduct is not protected by the First Amendment"); *Grundstein v. Ohio*, No. 1:06 CV 2381, 2006 WL 3499990, at *3 (N.D. Ohio Dec. 5, 2006) (noting that "federal courts have recognized their own inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions and to prevent litigants from unnecessarily encroaching on judicial machinery needed by others").

voluminous—in fact, 145 pages of 21 separate docket sheets long.[29] The paper morass here, though, can be sidestepped. Both parties have done an admirable job summarizing the litigation history of this case.[30] There is no need for me to add or detract, particular when the adjudication of Phillips's motion boils down in the end to a handful of unassailable statutes, cases, and facts.

*The Statute of Limitations and Statutory Tolling*

The first statute to examine is, of course, 28 U.S.C. § 2244(d)(1)(A). It requires Hill to file his federal habeas petition one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." No one disputes that Hill didn't do that if the judgment entry of November 15, 2006 is the final judgment entry.

There is a statutory exception to this limitation period found in § 2244(d)(2). It provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The rub here is meeting the requirement of a "properly filed application." "A post-conviction pleading is considered 'properly filed' if 'its delivery and acceptance are in compliance with the applicable laws and rules governing filings.' "[31] There is also a timeliness component to

---

[29] ECF #13-1, at 320-464.
[30] ECF #13, at 2-13; ECF #22, at 1-7.
[31] *Johnson v. Haviland*, No. 20-3560, 2020 WL 7048695, at *2 (6th Cir. Sept. 2, 2020) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) (per curiam).

this requirement. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."[32] Moreover, collateral petitions or other post-conviction pleadings filed after the statute of limitations has expired do not toll the limitations period. " 'Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.' "[33]

This statutory tolling exception poses a couple of stumbling blocks for Hill. During the one-year limitations window, Hill first attempted to file a motion for appointment of counsel on December 13, 2006 and then a notice of appeal on December 20, 2006.[34] Because he had filed in the wrong court and used an old appellate case number, the court of appeals the following month denied his motion with instructions that he refile it with the trial court, ordered that the notice of appeal be stricken, and informed Hill that he needed to file a new notice of appeal and a motion for a delayed appeal.[35] Slightly more than two months later, Hill filed a motion for a delayed appeal, but again used an old appellate case number, leading the state court of appeals to deny his motion because it was not well taken.[36] Then on June 11, 2007, Hill filed a new notice of appeal in the trial court along with motions in the state court of appeals the following day for a delayed appeal, for

---

[32] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). See also *Allen*, 552 U.S. at 7.
[33] *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). See also *Patterson v. Lafler*, 455 F. App'x 606, 608 (6th Cir. 2012).
[34] ECF #13-1, at 419-420.
[35] *Id.* at 420.
[36] *Id.*

8

appointment of counsel, and for a transcript of proceedings at state expense.[37] The state court of appeals found the rule governing delayed appeals was not applicable to Hill's filings since he was seeking to appeal the denial of his motion to dismiss and to withdraw his guilty pleas, not his resentencing. Consequently, the state court of appeals found his motion for a delayed appeal not well taken, and denied it.[38] Because Hill never had a properly filed application within the one-year limitations window as § 2244(d)(2) requires, he cannot use this subsection to toll the federal statute of limitations.

Hill also cannot toll the limitations period by pointing to the many filings, including multiple delayed appeals, he made after December 16, 2007.[39] Federal law is clear: an application for state post-conviction or other collateral review "tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired."[40]

Hill takes another route to try to save his petition against dismissal. If no meaningful attempt can be mounted to challenge § 2244(d)(1)(A)—and no one does here—and the one-year period runs from the date of the final judgment, why not try to change the date of the final judgment? After all, § 2244(d)(2) is only a tolling provision. If federal law blocks that avenue, can Hill find a way to restart the statute of limitations clock at zero?

---

[37] *Id.* at 61-66, 421–22.
[38] *Id.* at 67-68, 422.
[39] *See, e.g., id.* at 69–72, 423.
[40] *Patterson*, 455 F. App'x at 608 (citing *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007)).

Unfortunately for Hill, the answer is no. He attempts this stratagem by arguing that the final judgment that triggers the limitations period is really the nunc pro tunc order entered on October 13, 2017. Recall that this order did only one thing: it vacated the post-release control sanction of 874 additional days of imprisonment. The sentencing judge took this action because the judge presiding over Hill's earlier case had found that the post-release control notification in that earlier case was void.[41] In other words, the sentence Hill now serves is 874 days shorter than it was prior to the October 13, 2017 judgment entry.

Hill argues that his "sentence was made worse by the 2017 nunc pro tunc" judgment entry.[42] Hill must make this argument if he is ever to get around case law on this point and and restart the statute of limitations period. But saying so doesn't necessarily make it so. Both facts and the law prevent Hill from reaching his goal.

As to the facts, having a sentence shortened by almost two and a half years benefits the prisoner. That's a good thing for Hill. He never explains why this isn't so, but instead makes a legal argument as to how he believes his sentence is inconsistent with Ohio's sentencing guidelines and how he believes he was entitled to be resentenced under Ohio law that creates a presumption in favor of concurrent sentences.[43] These arguments do not explain why having a sentence that is almost two and a half years shorter than the sentence he had previously received does not benefit him.

---

[41] ECF #13-1, at 58.
[42] ECF #22-1, at 4. *See also id.* at 3.
[43] *Id.*

As to the law, the courts make a distinction between resentencings that benefit the prisoner and those that result in a worse-than-before sentence. Resentencings that benefit the prisoner "do not disturb the underlying initial judgment, which continues to 'constitute[ ] a final judgment.' "[44] The legal result is different for worse-than-before sentences. "A new, worse-than-before sentence, by contrast, amounts to a new judgment."[45] For example, adding post-release control to a sentence at a resentencing results in a worse-than-before sentence.[46] Taking away post-release control—much like taking away 874 days of imprisonment from Hill's sentence—benefits the prisoner.[47]

That the state judge captioned her October 13, 2017 entry as a "nunc pro tunc judgment entry"[48] does not change this result. I am "not bound by the label a state court places on its actions, instead [I] must look to what the court actually did."[49] Here the state judge's October 13, 2017 entry benefited Hill. That means the judgment entry of November 15, 2006 is still the final judgment entry in Hill's case. That also means Hill cannot restart the limitations clock for purposes of federal habeas law.

*The Statute of Limitations and Equitable Tolling*

One more narrow avenue remains to excuse the missed filing deadline: equitable tolling. In his petition, Hill defends his untimely filing of an appeal in his state case because

---

[44] *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(b)).
[45] *Crangle, id.* (citing *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007)).
[46] *Crangle*, 838 F.3d at 679.
[47] *Freeman v. Wainwright*, 959 F.3d 226, 230 (6th Cir. 2020).
[48] ECF #13-1, at 58.
[49] *Freeman*, 959 F.3d at 230.

"the factual predicate of the claims presented could not have been discovered until Hill's family obtain [sic] a copy of the November 9, 2006 De Novo Sentencing hearing transcripts and sent them to him. (date)"[50]

Phillips takes Hill to task for not providing the date, and then argues that Hill fails to meet the requirements of 28 U.S.C. § 2244(d)(1)(D),[51] which, as noted above, provides one of the four triggers for the one-year limitations period: "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In response, Hill provides the date of "late June early July of 2019."[52] In his affidavit supporting his petition,[53] which I recommend be added to the record in this case, Hill provides the date of July 22, 2019.[54] It can be difficult for indigent inmates like Hill to obtain transcripts from hearings in their cases especially when, apparently like Hill's situation,[55] family and friends are strapped for cash and have a hard time paying for the transcripts themselves and getting them to the inmate. Nevertheless, even these explanations are hard to square with a due diligence requirement where Hill somehow managed to prepare and file pro se literally stacks of paper with the state trial and appellate courts, but still couldn't manage to obtain a transcript from his November 9, 2006 resentencing hearing for over a decade.

---

[50] ECF #1, at 24.
[51] ECF #13, at 17.
[52] ECF #22-1, at 1, 5.
[53] ECF #4.
[54] *Id.* at 7.
[55] ECF #16, at 6-9.

More suspicious of his diligence—or the lack thereof—is the fact that on January 22, 2008, he did in fact appeal his November 9, 2006 resentencing without the assistance of a hearing transcript.[56] The state court of appeals denied his motion for leave to file a delayed appeal, finding that Hill "ha[d] not set forth sufficient reasons for his more than one year delay in filing a notice of appeal."[57] The state court of appeals noted that Hill had been represented at the resentencing hearing, and that the trial court had given him notice of his appellate rights at that time.[58]

Liberally construing Hill's pro se petition,[59] his argument—late receipt of the resentencing hearing transcript together with all of his other motions and late appeals over the intervening 15 years should toll the statute of limitations—amounts to an argument for equitable tolling. Like statutory tolling, however, this avenue is unavailing.

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' "[60] This doctrine "is used sparingly by federal courts,"[61] and places the burden on Hill to prove he is entitled to its application.[62]

---

[56] ECF #13-1, at 71.
[57] *Id.* at 76.
[58] *Id.*
[59] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is 'to be liberally construed' ") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings").
[60] *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). *See also Holland v. Fla.*, 560 U.S. 631 (2010).
[61] *Robertson*, 624 F.3d at 784 (citing *Graham-Humphreys*, 209 F.3d at 560).
[62] *Robertson, id.* (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Hill must make a two-part showing: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.[63] A showing of actual innocence could also lead to equitable tolling,[64] but Hill does not argue this alternative.

Hill fails to make either showing. He certainly had the ability and wherewithal to pursue his rights in state courts as evidenced by his filing motion after motion, appeal after appeal seeking some form of post-conviction relief—and earning himself a vexatious litigant designation in the process. But he never diligently pursued his rights sufficient for purposes of 28 U.S.C. § 2244(d)(1), sufficient to protect his interests in a future 28 U.S.C. § 2254 petition, or sufficient to appeal properly his resentencing on November 9, 2006 despite the fact that the trial court had given Hill notice of his appellate rights at that resentencing hearing.[65] Hill filed a lot of things, but neither of the two things that might have prevented this case from being dismissed: either an appeal within 30 days of the final judgment entry docketed on November 15, 2006 so that the federal habeas statute of limitations could have been tolled pursuant to 28 U.S.C. § 2244(d)(2), or a petition under 28 U.S.C. § 2254 within one year and one month of that final judgment entry to comply with 28 U.S.C. § 2244(d)(1)(A).

Hill also cannot show that some extraordinary circumstance beyond his control stood in the way of his complying with these deadlines. He can't complain about being

---

[63] *Robertson, id.* (citing *Holland,* 560 U.S. at 649). *See also Pace,* 544 U.S. at 418.
[64] *Patterson,* 455 F. App'x at 609.
[65] ECF #13-1, at 56.

14

without counsel, because he knows how to draft and make court filings on his own and how to ask for a lawyer. As noted above, obtaining transcripts can be a difficult for indigent inmates even with the assistance of family members on the outside. It is hard to accept that difficulty, though, as being an extraordinary circumstance beyond Hill's control that continued for over a decade.

Furthermore, it is hard to understand why having the transcript from the resentencing hearing would have made any difference. Hill claims the trial court at his resentencing hearing failed to inform him of his right to have a notice of appeal filed timely on his behalf and counsel for that appeal.[66] Even assuming that to be true, the sentencing judge did read Hill his appellate rights. And Hill knew what those rights were. After all, he had received the benefit of those rights when he appealed his initial sentence from February 3, 2005 with the assistance of appointed counsel at his side.[67]

Finally, any purported lack of knowledge didn't stop Hill from making numerous appellate filings before and after his 2006 resentencing. In fact, nothing seemed to stand in his way. That's why the state court of appeals decided Hill's "systematic filing of substantively redundant motions and related original actions constitutes an abuse of the system."[68]

*Other Pending Motions*

---

[66] ECF #1, at 24.
[67] ECF #13-1, at 417.
[68] *Id.* at 103.

15

The dismissal of the petition renders moot all other pending motions. I make one exception, and that is Hill's first motion to amend his petition.[69] That motion is in effect a request to file an affidavit to verify facts in his original petition, and Phillips did not oppose it. Two other pending motions by Hill bear some mention because he argued them in his opposition to Phillips's motion to dismiss, apparently assuming I would have granted them at this point.[70]

The first is Hill's motion for leave to file an amended petition.[71] This one is much like his motions to conduct discovery and to hold an evidentiary hearing. By these motions, Hill seeks to expand these proceedings. More facts, however, would not change the conclusion that Hill missed the statutory deadline for filing in federal court or failed to make a properly filed application for post-conviction review in state court.

For example, Hill asks me to add the following two grounds to his petition:

> GROUND THREE: Petitioner received constitutionally ineffective assistance of counsel because his counsel allowed the court to impose a sentence that is contrary to law causing the sentence to be inconsistent with sentence [sic] imposed for similar crimes committed by similar offenders, and by not advising Petitioner that he had a right to counsel on appeal after sentencing thereby violating his 6th, & 14th Amendments [sic] to the United States Constitution.[72]
>
> GROUND FOUR: Petitioner's 8th, & 14th Amendment rights to the United States Constitution were violated when Judge Ruth Ann Franks used the recidivism factor that Petitioner was on post release control to elevate he sentence [sic] at his resentencing hearing, and then issued a Nunc Pro Tunc entry removing part of Petitioner's sentence without holding a De Novo Resentencing hearing and

---

[69] ECF #4.
[70] ECF #22-1, at 21, 23, 25.
[71] ECF #18 and #18-2.
[72] ECF #18-2, at 8.

16

considering the factors under O.R.C. 2929.12, O.R.C 2929.11, and O.R.C. 2929.14(C)(4).[73]

Hill also asks me to amend Ground Two.[74]

There is much overlap between these two new grounds and Hill's two initial grounds. More to the point, these amendments might expand the number of ways Hill challenges his 2006 sentence, but they do nothing to advance his arguments against dismissal. These amendments also fail to address any of the bases under federal law that require dismissal of his petition.

As part of his opposition to Phillips's motion to dismiss, Hill also argues that the impact of the COVID-19 pandemic and the allegedly poor handling of the situation by state officials and staff at the Northeast Ohio Correctional Center where Hill is currently housed require his release.[75] Our Circuit[76] and this Court[77] have already gone down this path with regard to inmates in one of Ohio's federal correctional institutions as well as NEOCC, and rejected arguments like Hill's for release or as a ground for habeas relief or other civil

---

[73] *Id.* at 10.
[74] *Id.* at 2.
[75] ECF #22-1, at 25-30; ECF #1, at 1.
[76] *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020).
[77] *Mighty v. Williams*, No. 4:20-CV-2188, 2021 WL 795673 (N.D. Ohio Mar. 2, 2021); *Harden v. Williams*, No. 4:20CV1607, 2021 WL 463274, at *1–2 (N.D. Ohio Feb. 8, 2021); *Day v. Chambers-Smith*, No. 4:20CV1583, 2021 WL 395816, at *3–4 (N.D. Ohio Feb. 4, 2021); *Johnson v. Chambers-Smith*, No. 4:20CV1361, 2021 WL 308100, at *2 (N.D. Ohio Jan. 29, 2021); *Mitchell v. Williams*, No. 4:20 CV 2086, 2021 WL 211535, at *1–2 (N.D. Ohio Jan. 20, 2021); *Durham v. Williams*, No. 1:20-CV-1138, 2020 WL 8705781, at *2 (N.D. Ohio Aug. 28, 2020)

relief. Hill provides no reasons for revisiting these rulings or their underlying legal rationale. The additional cases Phillips cites support this conclusion as well.[78]

## IV.

Hill missed the filing deadline for his habeas petition, and neither statutory tolling nor equitable tolling can save his case. In addition, Hill cannot restart the limitations clock by claiming his most recent resentencing in 2017 resulted in a new final judgment entry. That ruling, which benefits Hill, does not change the fact that the judgment entry from Hill's 2006 resentencing remains the final judgment entry for his case.

Accordingly, for the foregoing reasons, I recommend that Phillips' motion to dismiss Hill's petition[79] be granted. I further recommend that Hill's emergency application for stay of execution of state prison sentence and release,[80] his motion to supplement his reply and objections,[81] his motion for leave to file an amendment to his habeas petition,[82] his motion to compel respondent to comply with my May 13, 2020 order,[83] his motion to add evidence to motion for stay of state prison sentence and motion to hold an evidentiary hearing,[84] his motion for an emergency evidentiary hearing,[85] his motion for leave to amend his motion for an emergency evidentiary hearing,[86] his motion for leave to supplement his

---

[78] ECF #13, at 23-25.
[79] ECF #13.
[80] ECF #8.
[81] ECF #12.
[82] ECF #18.
[83] ECF #21.
[84] ECF #23.
[85] ECF #25.
[86] ECF #27.

motion for an emergency evidentiary hearing on his motion for bail,[87] and his motion to conduct discovery[88] be denied as moot in light of this report and recommendation as to the dispositive motion. I further recommend that Hill's first motion to amend his writ of habeas corpus petition,[89] which is actually a motion for leave to file his affidavit of verity in support of his original petition and which Phillips did not oppose, be granted.

Dated: March 15, 2021    s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[87] ECF #28.
[88] ECF #29.
[89] ECF #4.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice. Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.[*]

---

[*] See Local Rule 72.3; *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).