UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrice Hill,                                                                      Case No. 4:20-cv-997

                Petitioner,

      v.                                                                 MEMORANDUM OPINION
                                                                         AND ORDER

Neil Turner,

                Respondent.

## I. INTRODUCTION

Petitioner Tyrice Hill has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Lucas County, Ohio Court of Common Pleas on charges of aggravated robbery. (Doc. No. 1). Respondent Neil Turner[1] filed a motion to dismiss Hill's petition, arguing it is barred by the applicable statute of limitations. (Doc. No. 13). Hill opposed Respondent's motion to dismiss, (Doc. No. 22), and also filed a variety of motions. (*See* Doc. Nos. 4, 8, 12, 18, 21, 23, 25, 27, 28, and 29).

Magistrate Judge William H. Baughman, Jr., reviewed the petition, Respondent's motion, Hill's motions, and the related briefing pursuant to Local Rule 72.2(b)(2) and recommended I grant Hill's first motion to amend, (*see* Doc. No. 4), grant Respondent's motion to dismiss, (*see* Doc. No. 13), and deny Hill's remaining motions as moot. (Doc. No. 33). Hill filed objections to Judge

---

[1] The motion to dismiss was filed in the name of Michael Phillips, who was the warden of the facility in which Hill was incarcerated at the time he filed his habeas corpus petition. The Clerk of Court shall substitute Neil Turner as the Respondent, because he is the warden at the North Central Correctional Institution, where Hill currently is incarcerated. Fed R. Civ. P. 25(d).

Baughman's Report and Recommendation, (Doc. No. 34), and a motion for appointment of counsel. (Doc. No. 35). Hill also filed a "juridical notice of facts of case and case law," as well as a memorandum in support, in which he reiterates some of his objections and his arguments regarding the merits of his claims. (Doc. Nos. 37 and 37-1).

For the reasons stated below, I grant Hill's first motion to amend, overrule Hill's objections, adopt Judge Baughman's Report and Recommendation, deny Hill's remaining motions, and grant Respondent's motion to dismiss.

## II. BACKGROUND

On August 30, 2004, Hill and a codefendant were charged by indictment with 6 counts of aggravated robbery, each carrying a gun specification. (Doc. No. 13-1 at 6-10). Hill pled guilty to 3 counts of first-degree aggravated robbery and the attendant gun specifications. (*Id.* at 13-14). He was sentenced to a total of 28 years in prison for those convictions – 7 years as to each of counts 1, 5, and 6; and additional terms of 1, 3, and 3 years as mandatory terms for the gun specifications attached to each count. (*Id.* at 15-16). Hill was ordered to serve each of those terms consecutively to the others. (*Id.*). Further, Hill was sentenced to an additional 874-day term, to be served consecutively because he was under post-release control at the time he committed the new felonies. (*Id.* at 16). The State of Ohio agreed to dismiss the remaining 3 counts. (*Id.*).

Hill appealed, arguing (a) he was not competent to stand trial, (b) he received ineffective assistance of counsel, and (c) the consecutive sentences violated his Sixth Amendment rights. (*Id.* at 43). The Sixth District Court of Appeals rejected his assignments of error and affirmed his conviction and sentence. (*Id.* at 43-49).

Hill then appealed to the Supreme Court of Ohio, which reversed and remanded the case to the trial court for resentencing, pursuant to *State v. Foster*, 845 N.E.2d 470 (Ohio 2006).[2] (Doc. No. 13-1 at 50). Hill filed motions to withdraw his guilty plea and for dismissal of the charges against him. The trial court denied his motions and imposed the same term of incarceration to which Hill previously had been sentenced. (*Id.* at 55-57).

After the resentencing hearing, Hill filed an untimely notice of appeal, a motion for leave to file a delayed appeal, a second motion to withdraw his guilty plea, an untimely notice of appeal of the trial court's denial of that second motion, and another motion for leave to file a delayed appeal. (Doc. No. 13-1 at 61, 69, 77, 92, and 429). All of these filings were unsuccessful. Respondent also summarizes a number of other motions Hill filed in addition to the filings I have just described. (*See* Doc. No. 13 at 9-10).

Then, on October 13, 2017, the trial judge entered a nunc pro tunc journal entry vacating the post-release control sanction of 874 days, after the post-release control notification in Hill's earlier case was declared void. (Doc. No. 13-1 at 58). The remainder of the trial court's 28-year sentence was unaffected by this journal entry.

After filing several more motions for leave to file a delayed appeal, as well as two state-court habeas corpus petitions and a motion for reconsideration of the appellate court's February 2008 denial of his first motion for leave to file a delayed appeal, Hill filed his federal habeas corpus petition on May 7, 2020. (Doc. No. 1).

---

[2] In *Foster*, the Supreme Court of Ohio concluded that certain sections of Ohio's felony-sentencing law were unconstitutional and, therefore, the defendants in the four consolidated cases before that court were entitled to new sentencing hearings. 845 N.E.2d 470. Further, the Supreme Court of Ohio concluded that the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), required it to order trial courts to hold new sentencing hearings in all cases which were then on direct review. *Foster*, 845 N.E.2d at 499.

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).  "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'"  *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

#### A.  STATUTE OF LIMITATIONS

The AEDPA imposes a one-year statute of limitations on petitioners who are in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The limitations period begins to run

from the latest of four possible dates. The two triggering events which could be applicable to Hill's petition are (i) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; and (ii) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D).

Judge Baughman recommends I grant Respondent's motion to dismiss because Hill did not file his habeas corpus petition within one year of the date on which his conviction became final.

Following the remand from the Supreme Court of Ohio, the trial court held a re-sentencing hearing on November 9, 2006, and entered a new judgment entry imposing Hill's sentence on November 15, 2006. Hill filed two motions for delayed appeal from this judgment entry, first on June 11, 2007, and subsequently on January 22, 2008. Both motions were denied by the Sixth District Court of Appeals, and Hill did not appeal either decision to the Supreme Court of Ohio. Thus, the one-year limitations period had long expired when Hill filed his federal habeas petition in May 2020.

Hill objects to Judge Baughman's recommendation, arguing the trial court's October 13, 2017 nunc pro tunc journal entry restarted the limitations period because the removal of the post-release control finding meant the "record no longer supports the trial court[']s factual determination for consecutive sentences." (Doc. No. 34 at 5). Hill's argument is not persuasive.

The "judgment" which starts the clock on the limitations period is the defendant's sentence. *See, e.g., Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). When a defendant receives a full resentencing – like Hill did in November 2006, pursuant to the Supreme Court of Ohio's *Foster* remand – "the resulting sentence is a new 'judgment' that restarts § 2244(d)(1)'s timeclock." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020) (citing *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015)).

5

The Sixth Circuit also has extended the "new judgment" principle to some limited resentencing hearings. A "new, worse-than-before sentence . . . amounts to a new judgment" which restarts the limitations period. *Freeman*, 959 F.3d at 229 (quoting *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016)). But, when a limited resentencing benefits the defendant by reducing the defendant's sentence, the trial court's modification of the original sentence does not "'disturb the underlying initial judgment, which continues to constitute a final judgment.'" *Freeman*, 959 F.3d at 230 (quoting *Crangle*, 838 F.3d at 678)).

Hill does not deny he was benefitted by the removal of the 874-day sanction for violating the ultimately void term of post release control. (*See* Doc. No. 34 at 5). He argues, however, that he still received a worse-than-before sentence because the trial court judge imposed consecutive sentences without a statutory basis for doing so.

Ohio law requires a trial judge to make specific findings before requiring a defendant to serve multiple prison terms consecutively:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
>> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>>
>> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>>
>> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Ohio Rev. Code § 2929.14(C)(4).

While the trial court no longer could rely on Hill's violation of post-release control under § 2929.14(C)(4)(a), the trial court expressly concluded consecutive sentences were justified under subsection (4)(b), concluding "the harm caused was great or unusual [sic] that no single prison term adequately reflects [the] seriousness of the offender's conduct." (Doc. No. 13-1 at 59). Thus, the trial court's imposition of consecutive sentences satisfies the requirements of Ohio law. Hill's sentence is not worse than it was before, and the October 13, 2017 nunc pro tunc entry does not constitute a new sentence or restart the limitations period.

Next, Hill argues his petition is timely because he filed his petition within one year of receiving the transcript of his 2006 resentencing hearing. (Doc. No. 34 at 6-8). Hill asserts he did not receive a copy of the resentencing transcript until June or July of 2019, despite his efforts to obtain that transcript sooner and that the transcript established he was prejudiced by the 2006 resentencing. (*Id.*).

Leaving aside the question of whether Hill can demonstrate he exercised due diligence in attempting to obtain the transcript of his resentencing hearing, I conclude Hill fails to show that transcript contained any facts of which Hill was not already aware. Hill argues the resentencing transcript shows the trial court's past judgments were in error because he received consecutive sentences based upon the void term of post-release control. (Doc. No. 22-1 at 4-8). He did not need the resentencing transcript to discover this information, however, as he became aware of it no later than October 2017, when his post-release control term was declared void and the nunc pro tunc judgment was entered.

In short, whether or not Hill plausibly could show he acted with diligence over the nearly 13 years between the date of his resentencing hearing and the date on which he obtained the transcript,

7

Hill cannot show he first learned of the factual predicate for any of his claims upon receiving the transcript. Thus, he fails to establish that his habeas petition is timely under § 2244(d)(1)(D).

Finally, Hill argues he was denied access to the courts. (Doc. No. 34 at 2-4). He offers a variety of justifications for his conclusion: (a) he was not informed of his right to appeal or of his right to counsel after his resentencing hearing, (*id.* at 2); (b) he did not knowingly waive his right to counsel for an appeal, (*id.*); (c) his notice of appeal was rejected because he "failed to satisfy a technical requirement," (*id.* at 3); (d) the Ohio Department of Rehabilitation and Correction has never provided him with access to an inmate legal clerk with paralegal training, (*id.*); (e) because he is not trained as a lawyer and was not provided with assistance from an inmate paralegal, he did not know "he should have appealed the denial of counsel to the Ohio Supreme Court and knew nothing about filing a Habeas Corpus Petition to this court," (*id.* at 4); and (f) Judge Baughman denied his request for counsel in this case and then recommended Hill's habeas petition be dismissed because Hill failed to establish a justification for filing his petition outside of the one-year limitations period. (*Id.*).

As Judge Baughman noted, Hill's arguments implicate the doctrine of equitable tolling. The Supreme Court has held § 2244(d)'s one-year statute of limitation may be equitably tolled if a habeas petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Setting aside, for the moment, the question of whether Hill diligently pursued his rights since his 2006 resentencing hearing, I conclude he has not carried his burden of showing "some extraordinary circumstance" prevented him from filing his habeas corpus petition in a timely manner. *Holland*, 560 U.S. at 649.

I begin with Hill's claim he "knew nothing" about filing a habeas petition in federal court. (Doc. No. 34 at 4). The Sixth Circuit previously has held that "[e]ven if [a habeas petitioner] lacked

8

actual knowledge of the relevant provisions of AEPDA, . . . 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Moreover, the Supreme Court has held "*pro se* representation alone or procedural ignorance . . . [is not] an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . ." *Johnson v. United States*, 544 U.S. 295, 311 (2005). Thus, Hill's alleged lack of knowledge of federal habeas corpus law does not justify equitable tolling of the statute of limitations.

Further, Hill's repeated assertions that he did not know what he should file or when to do so are unavailing, as those assertions do not constitute an extraordinary circumstance and demonstrate a lack of diligence. Hill has claimed he was unaware of filing deadlines since at least June 2007. (*See* Doc. No. 13-1 at 64). Hill offers no credible explanation for his continued failure to investigate or meet subsequent filing deadlines, much less an explanation which is outside of his control. *See, e.g., Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir. 2007) (habeas petitioner must identify "an external circumstance [which] prevented [the] applicant from filing on time").

Lastly, the record disproves Hill's various claims he was not given notice of his right to appeal or his right to counsel. (Doc. No. 13-1 at 55-56 ("Defendant afforded all rights pursuant to [Criminal Rule 32] . . . and given notice of appellate rights under R.C. 2953.08.") Ohio Criminal Rule 32 requires the trial court to advise the defendant "[t]hat if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost." Ohio Crim. R. 32(B)(3)(b). Section 2953.08 informs the defendant of the defendant's right to appeal the imposition of consecutive sentences. Ohio Rev. Code § 2953.08(C)(1). The Sixth District Court of Appeals held the record demonstrated Hill was informed of his right to counsel and his right to appeal his sentence, through the trial court's journal entry. (Doc. No. 13-1 at 75-76).

In sum, Hill filed his habeas petition outside of § 2244(d)(1)'s one-year statute of limitations and he has not demonstrated there is a basis to equitably or statutory toll the limitations period. Therefore, his habeas petition is barred, and I grant Respondent's motion to dismiss.

### B.  HILL'S MOTIONS

Hill has filed a total of 11 motions in addition to his petition: (a) a motion to amend his habeas petition by submitting an affidavit of verity in support, (Doc. No. 4); an emergency application for a stay of execution of his sentence, (Doc. No. 8); (c) a motion to supplement his reply in support of his emergency application, (Doc. No. 12); (d) a second motion for leave to amend his petition, (Doc. No. 18); (e) a motion to compel, (Doc. No. 21); (f) a motion to supplement the record and for an evidentiary hearing, (Doc. No. 23); (g) a motion for an emergency evidentiary hearing, (Doc. No. 25); (h) a motion for leave to amend his motion for an emergency evidentiary hearing, (Doc. No. 27); (i) a motion for leave to supplement his motion for an emergency evidentiary hearing, (Doc. No. 28); (j) a motion for discovery, (Doc. No. 29); and (k) a motion for appointment of counsel. (Doc. No 35).

Judge Baughman recommends I grant Hill's first motion to amend his petition, (Doc. No. 4), because the motion Hill included provides more specific facts which underlie the procedural history of his case. (Doc. No. 33 at 12). I accept this recommendation and grant the motion to amend.

I conclude Hill fails to demonstrate a basis for the appointment of counsel in this case. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) ("Habeas corpus is an extraordinary remedy for unusual cases and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.") (citation and internal quotation marks omitted). Further, I

conclude Hill's remaining motions are moot in light of my resolution of Respondent's motion to dismiss.

### C.    CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Hill has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### V.    CONCLUSION

For the reasons stated above, I overrule Hill's objections, (Doc. No. 34), to Judge Baughman's Report and Recommendation, (Doc. No. 33), and adopt the Report and Recommendation. I conclude Hill's petition is barred by the one-year statute of limitations applicable to habeas corpus petitions brought by individuals in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).

I also conclude Hill fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

Finally, I grant Hill's motion to amend his complaint, (Doc. No. 4), and deny his remaining motions. (Doc. Nos. 8, 12, 18, 21, 23, 25, 27, 28, 29, 35).

So Ordered.

<div style="text-align: right;">
s/ Jeffrey J. Helmick<br>
United States District Judge
</div>


conclude Hill's remaining motions are moot in light of my resolution of Respondent's motion to dismiss.

### C.    CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Hill has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### V.    CONCLUSION

For the reasons stated above, I overrule Hill's objections, (Doc. No. 34), to Judge Baughman's Report and Recommendation, (Doc. No. 33), and adopt the Report and Recommendation. I conclude Hill's petition is barred by the one-year statute of limitations applicable to habeas corpus petitions brought by individuals in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).

I also conclude Hill fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

Finally, I grant Hill's motion to amend his complaint, (Doc. No. 4), and deny his remaining motions. (Doc. Nos. 8, 12, 18, 21, 23, 25, 27, 28, 29, 35).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge